IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JERRY HANNAH, § | |
| (TDCJ-CID #01565362) § | |
| Petitioner, § | |
| § | |
| vs. § | CIVIL ACTION H-14-0059 |
| § | |
| TEXAS COURT OF § | |
| CRIMINAL APPEALS, § | |
| § | |
| Respondent. § | |

## MEMORANDUM AND OPINION

Jerry Hannah, a state prisoner, sued in January 2014, seeking a writ of mandamus against the Texas Court of Criminal Appeals. Hannah seeks an order compelling the respondent to produce evidence showing that he was reindicted in Cause Number 287729.

The threshold issue is whether this court has jurisdiction to consider Hannah's petition for a writ of mandamus. Based on the pleadings, the record, and the applicable authorities, this court dismisses this petition for lack of jurisdiction. The reasons for this ruling are stated below.

I.  **Procedural History and Background**

On November 9, 1978, Hannah was charged with the felony offenses of aggravated kidnapping in Cause Number 287728 and aggravated rape in Cause Number 287729. Both cases were tried together on March 9, 1979. Hannah states that both cases were dismissed because the complainants were unable to identify Hannah as the perpetrator. Hannah alleges that the prosecutor proceeded to trial on the charge of aggravated rape. Hannah was convicted of aggravated rape in Cause Number 287729 in the 177th Judicial District Court of Harris County, Texas.

Hannah argues that there is no evidence in the record that he was ever reindicted for the offense of aggravated rape after the cases were dismissed. As a result, he claims that the trial court lacked jurisdiction to convict him.

Hannah seeks to compel the Texas Court of Criminal Appeals to produce a copy of the docket sheet in Cause Number 287729. He maintains that the docket sheet would demonstrate that he was never reindicted in Cause Number 287729.

## II. Analysis

To the extent Hannah seeks a writ of mandamus against the Texas Court of Criminal Appeals, this court lacks jurisdiction. Federal district courts are courts of limited statutory jurisdiction. *See Dunn-McCampbell Royalty Interest, Inc. v. Nat'l Park Serv.*, 112 F.3d 1283, 1286 (5th Cir. 1997); *Veldhoen v. U.S. Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994). The only federal statute conferring the authority to issue writs of mandamus on the federal district courts is 28 U.S.C. Section 1361. That statute specifically provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." *Dunn-McCampbell Royalty Interest, Inc.*, 112 F.3d at 1288 (quoting 28 U.S.C. § 1361). The respondent in this case is the Texas Court of Criminal Appeals. The respondent is not a federal officer, agent, or employee and is not subject to the statutory mandamus authority of this court. This court lacks jurisdiction to entertain Hannah's request for mandamus relief.

**III.   Conclusion**

Hannah's petition for a writ of mandamus is DENIED. Any and all remaining pending motions are DENIED as moot.

SIGNED at Houston, Texas, on ___January 23___, 2014.

VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE